FILED
SEP - 1 2021
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:21-CR-112 |
| v. ) | |
| ) | JUDGES Jordan/ Guyton |
| EBONY L. GALLAHER, and ) | |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ) | |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that, from on or about July 1, 2019, through on or about July 14, 2020, within the Eastern District of Tennessee and elsewhere, the defendants, EBONY L. GALLAHER and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ did knowingly, intentionally, and without authority combine, conspire, confederate and agree with each other and others to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

### COUNT TWO

The Grand Jury further charges that, on or about February 16, 2020, in the Eastern District of Tennessee, the defendant, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ did knowingly, intentionally, and without authority, distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

### COUNT THREE

The Grand Jury further charges that, on or about February 26, 2020, in the Eastern District of Tennessee, the defendant, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ did knowingly, intentionally, and without authority, distribute five (5) grams or more of

1

methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT FOUR

The Grand Jury further charges that, on or about February 28, 2020, in the Eastern District of Tennessee, the defendant, ███████████████████████ did knowingly, intentionally, and without authority, distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT FIVE

The Grand Jury further charges that, on or about March 16, 2020, in the Eastern District of Tennessee, the defendant, ███████████████████████ did knowingly, intentionally, and without authority, distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT SIX

The Grand Jury further charges that, on or about May 20, 2020, in the Eastern District of Tennessee, the defendant, EBONY L. GALLAHER, did knowingly, intentionally, and without authority, distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN

The Grand Jury further charges that, on or about May 27, 2020, in the Eastern District of Tennessee, the defendant, EBONY L. GALLAHER, did knowingly, intentionally, and without

authority, distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHT

The Grand Jury further charges that, on or about July 9, 2020, in the Eastern District of Tennessee, the defendant, EBONY L. GALLAHER, did knowingly, intentionally, and without authority, distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## NOTICE OF ENHANCED PENALTY UNDER
## TITLE 21 U.S.C. § 841(b)(1)(A) and 841(b)(1)(C)

### (Prior Conviction of Serious Drug Felony)

Before committing the offenses charged in Counts One, Six, Seven, and Eight of this Indictment, the defendant, EBONY L. GALLAHER, had at least one final conviction for a serious drug felony, for which she served at least 12 months in custody and was released from custody no more than 15 years before the commencement of the offenses charged in Counts One, Six, Seven, and Eight. As a result, the defendant, EBONY L. GALLAHER, is subject to an enhanced penalty under Title 21, United States Code, Sections 841(b)(1)(A), 841(b)(1)(C) and 851.

## DRUG TRAFFICKING FORFEITURE ALLEGATIONS

The allegations contained in Counts One through Eight of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853. Pursuant to Title 21, United States Code, Section 853,

3

upon conviction of an offense in violation of Title 21, United States Code, Sections 846 and/or 841, the defendants, EBONY L. GALLAHER and ▮▮▮▮▮▮▮▮▮▮ shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense, including but not limited to the following:

**Money Judgment**

Proceeds the defendants, EBONY L. GALLAHER and ▮▮▮▮▮▮▮▮▮▮ personally obtained as a result of the violations of Title 21, United States Code, Sections 841 and/or 846.

Pursuant to Title 21, United States Code, Section 853(p), the defendant shall forfeit substitute property, up to the value of the property subject to forfeiture, if by any act or omission of the defendant, the property, or any portion thereof:

a. cannot be located upon the exercise of due diligence;

b. has been transferred, sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL:

**SIGNATURE REDACTED**

GRAND JURY FOREPERSON

FRANCIS M. HAMILTON III
ACTING UNITED STATES ATTORNEY

*/s/ B+N.C*
BRENT N. JONES
Assistant United States Attorney

4

Case 3:21-cr-00102-RLJ-JEM *SEALED* Document 39 Filed 09/21/21 Page 4 of 4 PageID #: 6